IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

JO S. GLENN, )
 )
      Plaintiff, )
 )
v. ) Case No. 12-CV-18-GKF-PJC
 )
CITY OF TULSA, an Oklahoma )
municipal corporation, )
 )
      Defendant. )

## OPINION AND ORDER

Before the court is the Motion for Partial Dismissal of First Amended Complaint [Dkt. #17] filed by defendant City of Tulsa ("City"). The City seeks dismissal of Count Two ("Sex Discrimination in Violation of City of Tulsa Personnel Policies and Procedures") of the First Amended Complaint for failure to state a claim upon which relief can be granted, pursuant to Fed.R.Civ.P. 12(b)(6).

### Allegations of the First Amended Complaint

Glenn, a homosexual Caucasian female over the age of 55, was a City of Tulsa City Prosecutor from January 2006 to November 1, 2009. [Dkt. #15, ¶¶5-6]. Glenn's performance evaluations were all above average, including all of her evaluations from 2007 through 2009. [*Id.,* ¶20].

In 2009, when the City began experiencing financial difficulties, it terminated one of the two Attorney I positions within the City's Legal Department. [*Id.,* ¶6]. Glenn, who held one of

the positions, had less seniority than the other individual holding an Attorney I position. [*Id.*]. As a result, she was laid off effective November 1, 2009. [*Id.*].

In the summer of 2010, the City passed a City Personnel Policy and Procedure which prohibited discrimination against any City of Tulsa employee or applicant on the basis of his or her sexual preferences. [*Id.,* ¶12].

In late December 2010, the City posted a job opening for one City of Tulsa Attorney I position. [*Id.,* 13]. Ultimately, the City would fill two Attorney I positions. [*Id.*]. Glenn applied for the Attorney I position and was certified as a qualified applicant by the City's Human Resources Department. [*Id.,* ¶14]. She was selected to be in the initial group of interviewees, a group of approximately 10 individuals and, at the completion of the initial interviews, was ranked #1, according to the interview panel. [*Id.,* ¶15].

More than two and less than five applicants interviewed with the final interviewing panel. [*Id.,* ¶16]. At this point, it was known that the City would be selecting two applicants to fill the two Attorney I positions. [*Id.*]. Sitting on the panel were Robert Garner, the City's Chief Prosecutor and Glenn's supervisor while she held the position of a City prosecutor; Jean Anne Hudson, Deputy City Attorney; David Pauling, Interim City Attorney; and Gerry Bender, Litigation Department Head for City Legal. [*Id.*]. Glenn was ranked #1 for the positions by Garner, her former supervisor. [*Id.* ¶17].

Glenn was not hired for either one of the open positions. [*Id.,* ¶18]. Two females were selected for the two Attorney I positions. [*Id.,* ¶19]. Both were in their early thirties or younger and not homosexual. [*Id.*]. One had not been sworn in to practice as an Oklahoma attorney at the time of her hiring. [*Id.*].

Glenn asserts claims for age discrimination in violation of the federal Age Discrimination in Employment Act (Count One) and sex discrimination in violation of City of Tulsa Personnel Policies and Procedures (Count Two). With respect to Count Two, she alleges the City failed to rehire her, despite the fact that she was ranked #1 following the initial interviews and ranked #1 by the City Prosecutor. [*Id.,* ¶38]. Instead, two non-homosexual Caucasian females were hired for the two open positions. [*Id.,* ¶39]. Glenn seeks declaratory relief "finding that the City discriminated against her with malice and reckless indifference to her rights in violation of the City Personnel Policies and Procedures"; an award of wages, benefits and compensation; compensatory damages and front pay and benefits. [*Id.,* p. 7].

**Applicable Standard**

Rule 8(a)(2) of the Federal Rules of Civil Procedure provides that a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." The United States Supreme Court clarified this standard in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007), ruling that to withstand a motion to dismiss, a complaint must contain enough allegations of fact "to state a claim to relief that is plausible on its face." 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw a reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 556. "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitle[ment] to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* at 555 (internal quotations omitted). On a motion to dismiss, courts "are not bound to accept as true a legal conclusion couched as a factual allegation." *Id.* Under the *Twombly* standard, "the complaint must give the court reason to believe that *this*

plaintiff has a reasonable likelihood of mustering factual support for *these* claims." *Robbins v. Oklahoma,* 519 F.3d 1242, 1247 (10th Cir. 2008), quoting *Ridge at Red Hawk, L.L.C. v. Schneider*, 493 F.3d 1174, 1177 (10th Cir. 2007) (emphasis in original). "The burden is on the plaintiff to frame a complaint with enough factual matter (taken as true) to suggest that he or she is entitled to relief." *Robbins*, 519 F.3d at 1247, citing *Twombly*, 127 S.Ct. at 1965 (internal quotations omitted). "Factual allegations must be enough to raise a right to relief above the speculative level." *Id*.

## Analysis

The City asserts Count II fails to state a claim because no cause of action exists for an applicant for employment alleging the prospective employer failed to follow its policies. A claim may be dismissed pursuant to Fed.R.Civ.P. 12(b)(6) when "the claim is premised upon an unrecognized legal theory of liability or the complaint fails to contain sufficient facts, either direct or inferential, that support each element of a legally cognizable claim." *See e.g., Debt Exchange, Inc. v. Blount,* No. CIV-07-788, 2008 WL 548827, *2 (W.D. Okla. Feb. 26, 2008).

Plaintiff argues "[t]hird parties benefit from the policies of the City of Tulsa all the time, and the failure of the City to follow these policies and procedures is actionable in the Oklahoma courts all the time." [Dkt. #18 at 1]. She states:

> For example, the City of Tulsa Police Department has established policies and procedures regarding the use of excessive force during the arrest of private individuals. While a violation of these policies and procedures can certainly be viewed as a cause of action pursuant to the U.S. Constitution, these claims are also frequently pursued as violations of the City's own policies and procedures. The same is true here.

[*Id.* at 1-2]. The court rejects this argument. Excessive force claims are based on the Fourth Amendment. *See Graham v. Connor,* 490 U.S. 386, 388 (1989). A violation of an internal policy on use of force does not—absent violation of the constitutional right against use of

4

excessive force—give rise to a recognizable cause of action. *See Porro v. Barnes,* 624 F.3d 1322, 1329 (10th Cir. 2010) (plaintiff bears the burden of proving that the *Constitution*, and not merely a policy, has been implicated).

Similarly, discrimination claims are predicated on violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq,*. or the Oklahoma Antidiscrimination Act, 25 O.S. § 1101 *et seq.* While both federal and state laws protect employment applicants from gender-based discrimination, neither protects employment applicants from sexual preference based discrimination.

Taking as true the allegations of the First Amended Complaint, plaintiff has failed to state a legally cognizable claim for discrimination based on sexual preference.

Defendant's Motion for Partial Dismissal [Dkt. #17] is granted.

ENTERED this 26th day of July, 2012.

_____
GREGORY K. FRIZZELL, CHIEF JUDGE
UNITED STATES DISTRICT COURT